IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1) ROSE MARIE CARRIER**, | |
| Plaintiff, | CASE NO. 13-CV-471-JED-PJC |
| v. | |
| **2) UNITED SERVICES AUTOMOBILE ASSOCIATION**; and | Tulsa County Case No. CJ-2013-02547 |
| **3) USAA CASUALTY INSURANCE COMPANY**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## NOTICE OF REMOVAL

Please take notice, pursuant to 28 U.S.C. §§ 1441 and 1446, and Rules 81.2 and 81.3 of the Local Civil Rules for the United States District Court for the Northern District of Oklahoma, Defendants USAA Casualty Insurance Company ("USAA CIC") and United Services Automobile Association ("USAA") (collectively "Defendants") remove Case No. CJ-2013-02547, *Rose Marie Carrier v. United Services Automobile Association and USAA Casualty Insurance Company*, in the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. Defendants remove this case on the basis of this Court's original jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists because USAA was fraudulently joined as a defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## I.   THE STATE COURT ACTION

On May 28, 2013, Plaintiff, Rose Marie Carrier, filed Case No. CJ-2013-02547, *Rose Marie Carrier v. United Services Automobile Association and USAA Casualty Insurance Company*, in the District Court of Tulsa County, Oklahoma. Pursuant to Local Rule 81.2, all state court papers filed or served in the State Court Action as of the time of removal and an up-to-date copy of the docket sheet are attached as Exhibit 1. Defendants are also filing a Status Report on Removed Action. Carrier requested the Tulsa County District Court Clerk issue two summonses, presumably for each Defendant. *See* Exhibit 1B, State Court Action docket sheet. Carrier served USAA CIC and USAA on July 16, 2013.

## II.   THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

This Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

### A.  Diversity of Citizenship.

Complete diversity of citizenship exists between Carrier and Defendants.

#### 1.   Citizenship of Plaintiff, Rose Marie Carrier

Carrier was, at the time of the filing of her Petition in the State Court Action, and is now, domiciled in, a resident of, and therefore a citizen of Oklahoma. *See* Carrier's State Court Petition (Ex. 1A at ¶ 1); *see also*, Carrier's insurance policy with USAA CIC, showing an Oklahoma address on the Declarations Page (Ex. 2).

2

### 2.   Citizenship of USAA CIC

As conceded by Carrier, USAA CIC is a foreign insurer. Ex. 1A at ¶ 3. USAA CIC is not a citizen of Oklahoma. USAA CIC is a corporation, and thus, for purposes of determining diversity jurisdiction, it has dual citizenship in the state of its incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1). USAA CIC is incorporated in the state of Texas, and therefore a citizen of Texas. *See* Affidavit of William McCartney (Ex. 3 at ¶ 5).

A corporation's principal place of business is defined as its "nerve center," or in other words, the "single place" where "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192-93 (2010).  It is often a corporation's main headquarters. *Id.* at 1193.  The principal place of business of USAA CIC is San Antonio, Texas. Ex. 3 at ¶ 6. This is the place of USAA CIC's main headquarters. Ex. 3 at ¶ 6. It is here that officers of USAA CIC mainly direct, control, and coordinate the corporation's activities. Ex. 3 at ¶ 6. USAA CIC is, thus, a citizen of Texas.

### 3.   Citizenship of USAA

As conceded by Carrier, USAA is a reciprocal inter-insurance exchange. Ex. 1A at ¶ 2; Ex. 3, at ¶ 4. USAA is an unincorporated association. Ex. 3 at ¶ 4; *see Heckemeyer v. NRT Missouri, LLC*, 12-CV-1532-AGF, 2013 WL 2250429, *5 at n. 2 (E.D. Mo. May 22, 2013) (stating inter-insurance exchanges are treated as unincorporated associations for diversity purposes). "For purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association." *Heckemeyer*,

2013 WL 2250429 at *5, n. 2 (citation omitted). At least some members of USAA are citizens of Oklahoma. Ex. 3 at ¶ 4.

### B. Carrier Fraudulently Joined USAA, and Its Citizenship Should Not Be Considered For Diversity Jurisdiction.

The Court should ignore the citizenship of USAA for purposes of removal because it is not a real party to this controversy and was fraudulently joined to this case to defeat diversity jurisdiction. Carrier has no legally cognizable claim for recovery against USAA for breach of contract or for breach of the covenant of good faith and fair dealing. This Court therefore should not consider the citizenship of USAA for diversity jurisdiction purposes and should dismiss USAA as a party from this case.

### 1.    Legal Standard for Fraudulent Joinder

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). Fraudulent joinder describes "the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). It is well established that "the joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). Accordingly, a federal court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

4

To establish fraudulent joinder, a defendant must show, by clear and convincing evidence, that the plaintiff either (1) committed outright fraud in pleading the jurisdictional facts, or (2) has no possibility of recovery against the non-diverse defendant. *Ryan v. State Farm Fire and Cas. Co.,* 09-CV-138-GKF-PJC, 2010 WL 56153, *2 (N.D. Okla., Jan. 4, 2010); *Sallee v. Ready*, 12-CV-116-TCK-PJC, 2012 WL 3061493, * 1 (N.D. Okla. July 26, 2012) (all internal citations omitted). "The issue of fraudulent joinder must be capable of summary determination and be proven with complete certainty." *Wormuth v. State Farm Mut. Auto. Ins. Co.*, 06-CV-552-GKF-SAJ, 2007 WL 1500113, * 3 (N.D. Okla. May 21, 2007) (internal citations and emphasis omitted). All disputed facts and ambiguities of law are initially resolved in favor of the non-removing party. *Sallee*, 2012 WL 3061493 at * 1 (internal citations removed). In cases where fraudulent joinder is alleged, the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964); *Magnuson v. Jackson*, 11-CV-0561-CVE-PJC, 2012 WL 2995669, *3 (N.D. Okla. July 23, 2012) (all internal citations omitted).

Carrier has no possibility of recovery against USAA for breach of contract or for breach of the covenant of good faith and fair dealing.

### 2.    Breach of Contract Claim

Carrier's breach of contract claim against USAA fails as a matter of law because USAA is not a party to Carrier's insurance contract. Carrier's lawsuit is based on USAA CIC's alleged failure to pay the full amount of Carrier's claim under the Medical Payment ("MedPay") provisions of her automobile insurance policy. Ex. 1A at ¶¶ 1-20. USAA CIC

5

issued Carrier an automobile insurance policy, Policy No. 01137-38-31C-7106-4, which

provides MedPay coverage. Ex. 1A at ¶ 8. The only parties to this automobile insurance

policy are Carrier and USAA CIC. Ex. 2 at p. 1. The declarations page of Carrier's policy

plainly shows that the policy was issued by USAA CIC:



Ex. 2 at Declaration Page. In addition, letters sent to Carrier during the claims investigation

clearly demonstrate that the insuring entity is USAA CIC:

Sincerely,

*Perla Chavez*

Perla Chavez
Central Region
USAA Casualty Insurance Company
P.O. BOX 5000
DAPHNE, AL 36526
Phone: 1-800-531-8722 ext26919
Fax Phone: 1-888-272-1255

Letter from USAA CIC to Carrier, dated November 18, 2011 (Ex. 4). Letters sent to

Carrier's attorney during the claims investigation similarly show that USAA CIC, not

USAA, is the insuring entity:

Sincerely,

*Perla Chavez*

Perla Chavez
Central Region
USAA Casualty Insurance Company
P.O. BOX 5000
DAPHNE, AL 36526
Phone: 1-800-531-8722 ext26919
Fax Phone: 1-888-272-1255

Letter from USAA CIC to Carrier's Counsel, Jacob Biby, dated November 22, 2011 (Ex.

5).

6

A defendant cannot be held liable for breach of a contract to which it never agreed and is not a party.   The elements of a cause of action for breach of contract are well established in Oklahoma, and require:  (1) the existence of a contract; (2) breach of that contract; and (3) actual damages as a result of the breach.  *Oltman Homes, Inc. v. Mirkes,* 2008 OK CIV APP 64, 190 P.3d 1182, 1186.

Carrier's breach of contract claim against USAA fails to satisfy the first and most necessary element of a cause of action for breach of contract: no contract exists between Carrier and USAA. Carrier does not allege USAA is a party to the insurance contract between her and USAA CIC, nor does she allege USAA is otherwise responsible for the contractual obligations of USAA CIC.[1] Carrier therefore has no possibility of recovery against USAA on her breach of contract claim. *See Slover v. Equitable Variable Life Ins. Co.,* 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006) (denying remand and finding no claim for breach of contract where plaintiffs failed to allege nondiverse defendants were parties to insurance contract with plaintiffs).

Courts in other jurisdictions have found USAA was fraudulently joined as a defendant in similar circumstances where USAA was not the insuring entity. In *Pegg v. United Services Auto. Ass'n*, U.S.D.C.N.J., No 09-2108, the district court found "absolutely

---

[1] Only the causes of action and allegations asserted in Carrier's State Court Petition should be considered when determining fraudulent joinder. Thus, in the event Carrier later attempts to argue that USAA can somehow be held liable for USAA CIC's actions based on the relationship between the two entities, such allegations – which are not contained in the Petition – should  have no bearing on the Court's fraudulent joinder determination. *See Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) ("Although [defendant] bears a heavy burden to establish fraudulent joinder, *it need not negate any possible theory that [plaintiff] might allege in the future*: only his present allegations count.") (emphasis added).

7

no reasonable basis" to support a breach of contract claim against USAA where a

subsidiary of USAA issued the insurance policy:

> Upon reviewing the policy of the insured under which Plaintiff asserts his cause of action, it is clear that USAA CIC is the insurance carrier for Plaintiff and not USAA. The declaration pages clearly identify USAA CIC as the corporate entity which entered into the contract to provide insurance coverage… Moreover, the insurance identification cards…clearly identify the insuring company as USAA CIC, and not USAA. Nowhere in the policy is USAA identified as the insurer for the insured. The fact that the USAA logo appears sporadically throughout the insurance policy does not impose a contractual obligation upon USAA to insure the Plaintiff. And to the extent that Plaintiff now asserts that this Court should pierce the corporate veil in order to hold USAA liable, no facts alleged in the Complaint support such a proposition. Even taking into account the high standard for dismissing a non-diverse party based on fraudulent joinder, it is clear that New Jersey law simply does not permit a plaintiff to sue a party other than the insure[r] for breach of contract under an insurance policy.

*See Pegg v. United Services Auto. Ass'n*, U.S.D.C.N.J., No 09-2108 Opinion and Order

entered Sept. 9, 2009 (Ex. 6); *see also*, Minute Order, *Holden v. United Services Auto. Ass'n*,

No. 07-5424 (C.D. Cal. entered Nov. 20, 2007) (finding fraudulent joinder of USAA where

USAA subsidiary issued the insurance policy) (Ex. 7); Order and Reasons, *Schewe v. USAA*

*Cas. Ins. Co.*, No. 06-881 (E.D. La. entered July 27, 2007) (finding that USAA improperly

joined where USAA GIC issued policy) (Ex. 8); *Salkin v. United Services Auto. Ass'n*, 767

F. Supp. 2d 1062 (C.D. Cal. 2011) (finding USAA fraudulently joined) (Ex. 9).  Nothing

about Carrier's joinder of USAA distinguishes it from the cases cited above. Carrier's

joinder of USAA is fraudulent, and therefore, the joinder does not defeat diversity

jurisdiction in this matter.

### 3.   Bad Faith Claim

Carrier's bad faith claim against USAA likewise fails as a matter of law. In Oklahoma, strangers to an insurance contract generally cannot be held liable for breach of the duty of good faith and fair dealing.  In *Allstate Ins. Co. v. Amick*, the Oklahoma Supreme Court explained that "[t]his single duty of dealing fairly and in good faith with the insured arises from the contractual relationship.  In the absence of a contractual or statutory relationship, there is no duty which can be breached." 1984 OK 15, 680 P.2d 362, 364; *see also*, *Cloud v. Illinois Ins. Exch.*, 701 F. Supp. 197, 201 (W.D. Okla. 1988) ("Under Oklahoma law, a 'stranger' to a contract of insurance cannot be held liable for a breach of the duty of good faith and fair dealing.")

USAA is not a party to Carrier's automobile insurance policy. Carrier therefore cannot maintain a claim against USAA for breach of the duty of good faith arising from that policy. Additionally, Carrier does not have a statutory relationship with USAA, nor has one been alleged. Because Carrier has neither a statutory nor a contractual relationship with USAA, USAA had no duty of good faith and fair dealing to Carrier. Carrier has no possibility of recovery against USAA on her bad faith claim.

### 4.   USAA Is Not Legally Responsible For Any Alleged Breach of Contract or Bad Faith of USAA CIC

USAA's relationship with USAA CIC does not make it responsible for Carrier's claims for breach of contract or bad faith against USAA CIC. First, USAA and USAA CIC are separate and distinct legal entities. The two companies have separate Boards of Directors and officers, have separate bylaws, file separate premium tax returns, separately file the financial statements required by the Oklahoma Insurance Department, are

9

separately capitalized, and are separately licensed in Oklahoma.  Ex. 3 at ¶¶ 8, 9, 10, and 11. USAA and USAA CIC are separately rated for financial strength by A.M. Best Company, the rating agency for insurers. Ex. 3. at ¶ 12.

Second, USAA is not liable as a matter of law for the acts of USAA CIC. USAA CIC is a wholly-owned subsidiary of USAA. Ex. 3 at ¶ 7. Parent corporations, such as USAA, cannot be liable for the acts of its subsidiaries. *Tomlison v. Combined Underwriters Life Ins. Co.*, 08-CV-259-TCK-FHM, 2010 WL 1486919, * 2 (N.D. Okla. Apr. 13, 2010) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). Central to the basis for corporations' existence is to protect individual shareholders from personal liability for the actions of a corporation. *Fanning v. Brown*, 2004 OK 7, 85 P.3d 841, 846 (internal citation omitted).

Carrier has not pleaded that she does not have an adequate legal remedy against USAA CIC, nor could she. USAA CIC is a valid and existing foreign insurance carrier good standing with the Oklahoma Insurance Department. Ex. 3 at ¶ 13.

**5.    Carrier's Counsel Has Sued USAA CIC, But Not USAA, In Similar Med Pay Bad Faith Lawsuits**

Carrier's counsel is also counsel for two separate plaintiffs in similar breach of contract and bad faith lawsuits filed in Oklahoma County: *Zeavin v. Evonia Ray and USAA CIC*, Case No. CJ-2011-7877, and *Harper v. United Services Automobile Association and USAA CIC*, Case No. CJ-2012-5890. In *Zeavin*, counsel sued the tortfeasor and USAA CIC. By suing the tortfeasor who was also an Oklahoma resident, diversity was destroyed

and so, notably, plaintiff's counsel must not have thought it necessary to add USAA to stay in state court.

In *Harper*, counsel sued USAA and USAA CIC. USAA is the insuring entity in *Harper* and therefore the proper, but non-diverse party. USAA CIC moved to dismiss because it was not the insuring entity, and Harper's counsel agreed to dismiss USAA CIC.

Here, however, where diversity would otherwise exist, plaintiff's attorney named USAA despite the lack of contractual privity or other relationship between the parties. For these reasons, this Court should disregard USAA for purposes of determining diversity of citizenship.

## C. Amount in Controversy.

The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Removal is proper on the basis of an amount in controversy if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(B); *Chidester ex rel. Chidester v. Kaz, Inc.*, 07-CV-0084 CVE-PJC, 2007 WL 1087728, * 2 (N.D. Okla. Apr. 9, 2007) (internal citations omitted) (stating this standard even where fraudulent joinder is argued). Local Rule 81.3(a)(1) does not require a notice of removal to include particularized statement of facts upon which the jurisdictional amount is based where the face of the state court petition contains an express damages clause as to at least one claim in an amount exceeding $75,000.00, exclusive of interests and costs.

In establishing the amount in controversy, Defendants may rely on the allegations in Carrier's Petition filed in the State Court Action. *McPhail v. Deere & Co.*, 529 F.3d 947,

11

955-56 (10th Cir. 2008); *Rice v. Valmont Indus., Inc.*, 11-CV-724-GKF-TLW, 2012 WL 2339520, *1 (N.D. Okla. June 19, 2012). Carrier explicitly alleges by her Petition in the State Court Action to have "sustained damages, including deprivation of policy benefits consequential damages and emotional distress and discomfort, in excess of seventy-five thousand dollars ($75,000.00)" from the bad faith actions of USAA.[2] Ex. 1A at ¶ 35. Carrier additionally alleges damages in excess of $5,000.00 from the breach of contract of USAA. Ex. 1A at ¶ 27.

Though not particularized as to amount, Carrier seeks an award of punitive damages for her bad faith claim. Ex. 1A at ¶ 37. Punitive damages are properly considered when calculating the amount in controversy for removal purposes. *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).Ex. 1A, at ¶ 37; *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1214, 1218 (10th Cir. 2003); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

Carrier further seeks attorney fees in relation to both of her causes of action. The potential award of attorney fees should be considered in determining whether the jurisdictional amount is satisfied. *Manganaro*, 342 F.3d at 1218; *Miera*, 143 F.3d at 1340.  As noted by the Northern District of Oklahoma, attorney fee awards can be substantial in and of themselves." *Slover*, 443 F. Supp. 2d at 1278; *see also, Lindley v. Life Investors Ins. Co. of America*, 08-CV-0379-CVE-PJC, 2008 WL 4525423, * 5 (N.D. Okla. Oct. 2, 2008) (valuing attorney fees in bad faith case based on denial of medical benefits at $45,000 to determine

---

[2]  Although Carrier names both USAA CIC and USAA as defendants in her Petition, Carrier's allegations are made against "USAA," which Carrier defines collectively as USAA CIC and USAA. *See* Ex. 1A at ¶ 4.

amount in controversy). Carrier's potential recovery of attorney fees is therefore a proper and substantial factor for the Court to consider in determining whether the amount in controversy exceeds $75,000.00.

Carrier separately requests recovery of fees and costs.  Ex. 1A at ¶¶ 28 and 37. The damages alleged above are therefore exclusive of fees and costs.

Carrier's calculation of its damages from breach of contract and bad faith alone exceeds $80,000.00. The other damages sought by Carrier – punitive damages and attorney fees – are proper and substantial factors for the Court to consider and strengthen the notion that the amount in controversy exceeds $75,000.00. *See McPhail*, 529 F.3d at 956 (defining amount in controversy as "an estimate of the amount that will be put at issue in the course of the litigation"). At all events, Carrier's Petition establishes the necessary amount in controversy for removal.

### III.   Timeliness of Removal

This Notice of Removal is timely because it is filed within 30 days of Defendants' receipt of the summonses and Carrier's Petition as required by 28 U.S.C. § 1446(b). This removal is timely.

### IV.   Other Removal Requirements

Defendants file this Notice of Removal in the United States District Court for the Northern District of Oklahoma, which is the District Court of the United States for the district within which the State Court Action is pending. The Northern District of Oklahoma is the district and division embracing the place where the State Court Action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 116(a).

13

Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be delivered to Carrier's counsel, as required by 28 U.S.C. § 1446(d). Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1446(d). By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law.

Defendants' counsel has submitted the fee for removal to the Clerk of this Court simultaneously with the filing of this Notice.

WHEREFORE, Defendants USAA CIC and USAA remove this action to this Court, invoke this Court's jurisdiction, and request this Court's dismissal of USAA from this lawsuit as nominal party fraudulently joined to defeat diversity jurisdiction.

Dated: 30 July 2013

Respectfully submitted,

s/ John D. Russell
John D. Russell, OBA #13343
Sofia R. Nagda, OBA #30190
Fellers, Snider, Blankenship,
  Bailey & Tippens, P.C.
321 S. Boston Avenue, Suite 800
Tulsa, Oklahoma 74103-3318
Telephone (918) 899-0621
Facsimile (918) 583-9659
*jrussell@fellerssnider.com*
*srnagda@fellerssnider.com*

and

Lance E. Leffel, OBA #19511
Kyle D. Evans, OBA #22135
Fellers, Snider, Blankenship,
  Bailey & Tippens, P.C.
100 North Broadway, Suite 1700
Oklahoma City, Oklahoma 73102-8820
*lleffel@fellerssnider.com*
*kevans@fellerssnider.com*

Attorneys for Defendants,
United Services Automobile
Association and USAA Casualty
Insurance Company

15

## CERTIFICATE OF SERVICE

I hereby certify that on 30 July 2013, I electronically transmitted "Notice of Removal" to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Simone Gosnell Fulmer – *sfulmer@whittenburragelaw.com*
Carin L. Marcussen – *cmarcussen@whittenburragelaw.com*

Counsel for Plaintiff
Rose Marie Carrier

I hereby certify that on 30 July 2013, I served the same document by:

☒ U.S. Postal Service      ☐ Courier Service      ☐ In Person Delivery      ☐ E-Mail

Simone Gosnell Fulmer
Carin L. Marcussen
Witten Burrage
1215 Classen Drive
Oklahoma City, OK 73103

Counsel for Plaintiff
Rose Marie Carrier

s/John D. Russell

80296#26461

16