# Exhibit 1(a)

*10218162 14*

DISTRICT COURT
**FILED**

MAY 28 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ROSE MARIE CARRIER, )
)
Plaintiff, )
)
v. ) Case No.: CJ-2013-
) **CJ-2013-02547**
UNITED SERVICES AUTOMOBILE )
ASSOCIATION; and USAA CASUALTY )
INSURANCE COMPANY, )
)
Defendants. ) **E. MARK BARCUS**

## PETITION

COMES NOW the Plaintiff Rose Marie Carrier, by and through her counsel of record, and for her causes of action against Defendants United Services Automobile Association and USAA Casualty Insurance Company, alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Rose Marie Carrier is a resident of Tulsa County, Oklahoma.

2. Defendant United Services Automobile Association is an inter-insurance exchange, and as such, is a resident of each state in which it does business, including Oklahoma.

3. Defendant USAA Casualty Insurance Company is a foreign insurer that is licensed to and does conduct business in the State of Oklahoma.

4. USAA Casualty Insurance Company is part of the reciprocal inter-insurance exchange United Services Automobile Association and is under the operation and control thereof; due to their association and organization, Defendants are each liable for the actions of the others and/or their affiliated companies, (hereinafter, collectively, "USAA").

5. The events which give rise to this lawsuit occurred in Tulsa County, Oklahoma.

6. The District Court in and for Tulsa County has jurisdiction over the parties hereto and the subject matter of this action, and venue is proper under 12 O.S. §§ 137, 187.

## FACTS

7. Plaintiff sustained injuries in an automobile accident that occurred on May 27, 2011 in Tulsa, Oklahoma when another vehicle rear-ended Plaintiff as she was stopped on South Yale Avenue, waiting for traffic to clear so she could make a left turn onto East 26th Street, (hereinafter, "the Accident").

8. At the time of the Accident, Plaintiff was an insured of USAA through an automobile policy of insurance with Policy Number 01137-38-31C-7106-4 (hereinafter, "the Policy") that provided, *inter alia*, medical payments ("MedPay") coverage up to $5,000 per person, per accident.

9. Plaintiff received medical treatment for the injuries she sustained as a result of the Accident.

10. Shortly after the Accident, Plaintiff made a claim to USAA for MedPay benefits.

11. Plaintiff complied with USAA's claims investigation, including but not limited to providing USAA and/or its agents with a medical authorization, medical provider list and USAA's requested claim forms.

12. In response to Plaintiff's claim for MedPay benefits, USAA made continued and systematic partial payments of the medical bills.

13. USAA's partial payment resulted from USAA's unilateral and arbitrary decision to reduce the amount it would pay on Plaintiff's medical bills.

14. Each of USAA's partial payment of Plaintiff's medical bills was made without the consent of either Plaintiff or her medical providers.

15. The medical providers contend that Plaintiff owes the full amount charged and have sought to recover the difference between the amount paid by USAA and the amount charged from Plaintiff.

16. Upon information and belief, USAA employed policies and procedures to systematically, arbitrarily and unilaterally reduce and/or deny Ms. Carrier's MedPay claims based on a determination that the amounts billed are not "reasonable."

17. Upon information and belief, USAA designed and employed policies and procedures for its MedPay claims process that are intentionally onerous, duplicative and confusing with the intent to discourage Ms. Carrier from pursuing the rights provided by her automobile MedPay coverage.

18. Said policies and procedures as described in paragraphs 16 and 17 above are designed to increase USAA's profits at the expense of insureds, like Plaintiff, by depriving them of the full benefit of the coverage provided by the terms of the policy.

19. Plaintiff has requested that USAA pay her medical bills in full.

20. USAA has refused to comply with Plaintiff's request for payment of her medical bills.

### PLAINTIFF'S FIRST CAUSE OF ACTION: BREACH OF INSURANCE CONTRACT

21. Plaintiff repeats, re-alleges and incorporates by reference each allegation set forth herein.

22. With regard to MedPay coverage, the Policy provides:

> We will pay only the reasonable fee for medically necessary and appropriate medical services and the reasonable expenses for funeral services. These fees and expenses must:
> a.   Result from BI sustained by a covered person in an auto accident; and

3

      b.     Be incurred for services rendered within one year of the date of the auto accident.

23. As a result of the Accident, Plaintiff incurred reasonable fees for "medically necessary and appropriate medical services" and demanded payment of same from USAA pursuant to the terms of the Policy.

24. USAA has failed and refused to pay the reasonable fees Plaintiff incurred for "medically necessary and appropriate medical services" as required by the Policy.

25. Plaintiff is entitled to payment or reimbursement of incurred but unpaid medical expenses.

26. USAA's failure/refusal to pay the reasonable fees Plaintiff incurred for "medically necessary and appropriate medical services" as a result of the Accident is a breach of contract.

27. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in excess of five thousand dollars ($5,000.00).

28. WHEREFORE, premises considered, Plaintiff prays that she have and recover judgment on her First Cause of Action for Breach of Contract, as follows:

    a. For a determination that Defendant USAA breached its contract with Plaintiff;

    b. For an award of actual damages sustained thereby;

    c. For consequential damages;

    d. For Plaintiff's reasonable attorneys' fees, costs and interest; and

    e. For such other relief as the Court deems just and equitable.

## PLAINTIFF'S SECOND CAUSE OF ACTION:
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiff repeats, re-alleges and incorporates by reference each allegation set forth herein.

30. USAA, at all relevant times, owed and continues to owe Plaintiff an implied duty to deal fairly and in good faith with Plaintiff.

31. Defendant's actions as aforesaid and as elsewhere set forth herein were in breach of the duty of good faith and fair dealing, and constitute thereby "bad faith".

32. Defendant's bad faith conduct consists of, but is not limited to:

   a. Failure to fully, fairly and promptly investigate Plaintiff's claims;

   b. Unreasonably denying and/or withholding benefits under the Policy;

   c. Misconstruing the language of the Policy against Plaintiff;

   d. Arbitrarily reducing benefits due and payable under the Policy;

   e. Creating unreasonable burdens for payment of benefits;

   f. Failure to give Plaintiff's interests equal consideration; and

   g. Engaging in a pattern and practice of similar illicit claim practices.

33. Upon information and belief, Plaintiff further alleges that the actions of USAA during the handling of Plaintiff's claim was not an isolated event, but rather was consistent with approved company-wide practices or policies which reward and encourage the systematic reduction, delay or avoidance of the payment of claims.

34. USAA's actions were unreasonable and/or committed in bad faith.

35. As a direct result of USAA's conduct, Plaintiff has sustained damages, including deprivation of policy benefits consequential damages and emotional distress and discomfort, in excess of seventy-five thousand dollars ($75,000.00).

5

36. Defendant's actions were undertaken with an evil mind and/or with conscious disregard for the harm to be occasioned by the Plaintiff.

37. Defendant's actions, for the reasons stated, further entitle Plaintiff to an award of punitive damages.

WHEREFORE, premises considered, Plaintiff, prays that she have and recover judgment on her Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing ("Bad Faith"), as follows.

    a. For a determination that Defendant USAA has breached the implied covenant of good faith and fair dealing in their contractual obligations with the Plaintiff;

    b. For an award of damages sustained thereby;

    c. For Plaintiff's reasonable attorneys' fees, costs and interest thereon incurred in prosecution of this action;

    d. For an award of punitive damages; and

    e. For such additional and further relief as the Court deems proper.

Respectfully submitted,

Simone Gosnell Fulmer, OBA #17037
Carin L. Marcussen, OBA #19869
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**